■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BOYLAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered December 13, 1982, convicting him of escape in the second degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was indicted for criminal possession of a controlled substance in the fourth degree, escape in the second degree, resisting arrest, and criminal possession of a weapon in the fourth degree. All of the charges arose from the events which occurred on April 9, 1982. On that date, the police executed an arrest warrant for the defendant as well as a search warrant regarding a wall safe contained in a motel owned by defendant. The police arrested defendant at a diner, handcuffed him and read him his *Miranda* rights. After being placed under arrest, defendant expressed his desire to co-operate with the police by offering to return to the motel and assist in the execution of the search warrant by opening his safe. In response to his request, defendant's handcuffs were removed, and he was driven back to the motel by two detectives. Upon arriving at the motel, defendant left the car and started walking toward the motel. One of the detectives told the defendant to wait but he disregarded the command and quickened his pace. The detective began to run after the defendant and yelled "Joe, stop". Instead of stopping, defendant ran into the motel. Both detectives who had accompanied defendant in the car then pursued him, one going to the front of the motel and one to the back. Eventually, the two detectives were joined in the chase by a police officer, and they finally succeeded in apprehending defendant after a prolonged struggle. The defendant was thereafter taken to his motel living quarters which also contained the safe that was the object of the search warrant. A quantity of cocaine was seized from defendant's living quarters. The safe was eventually removed to the precinct where it was opened, revealing the presence of six handguns. At the conclusion of the trial testimony, the count of the indictment charging defendant with criminal possession of a weapon in the fourth degree was dismissed on the ground that (1) the particular weapon was duly licensed to a person, one Rory Gordon, who had legal access to defendant's safe and (2) the defendant's possession thereof was "temporary [and] incidental". Thereafter, the jury acquitted defendant on the count of the indictment charging him with criminal possession of a controlled substance in the fourth degree, and convicted him on the remaining two counts, i.e., escape in the second degree and resisting arrest. On appeal, defendant contends, *inter alia,* that reversible error was committed when (1) the police officer who helped apprehend defendant was allowed to testify that in response to his request of defendant to open the safe, defendant "did not answer at all * * * and made no comment and no statement at all" and (2) one of the detectives who apprehended the defendant was allowed to testify on direct examination that he was assigned to the investigation of "upper level and middle level narcotics dealers". We disagree that reversible error was committed. It is beyond cavil, as defendant correctly contends, that in this State the silence of a defendant, after arrest, cannot be used against him (*People v Rutigliano,* 261 NY 103; *People v Von Werne,* 41 NY2d 584; *People v Al-Kanani,* 26 NY2d 473). As the Court of Appeals stated in *People v Von Werne* (*supra,* p 588): "The only apparent purpose of informing the jury that the defendant had elected to remain silent during police interrogation is to permit them to infer consciousness of guilt. The use of such proof for this, its only purpose, is not permissible." Under the particular facts at bar, the direct adverse effect of the testimony concerning defendant's silence in response to the request to open the safe was that it allowed the jury to improperly infer consciousness of guilt as to the charged crime associated with the safe, i.e., possession of a weapon. However, defendant was not convicted of that crime; it

was dismissed by the trial court. Defendant argues that this testimony as to his silence somehow also permitted the jury to infer consciousness of guilt on the charges of escape and resisting arrest. We find this argument to be speculative and unpersuasive in view of the fact that the crimes of escape and resisting arrest were completed before defendant was asked at the motel to open the safe. Moreover, any error in this regard must be deemed harmless, in view of the overwhelming evidence of defendant's guilt of the crimes of escape in the second degree and resisting arrest and particularly in view of the fact that the jury acquitted the defendant on the possession charge which was directly related to the contents of the safe. Similarly, with respect to the detective's testimony that he was assigned to investigate "upper level and middle level narcotics dealers", there is no question that this testimony was improper (*People v Sorenson,* 70 AD2d 892). However, no objection was taken by defense counsel with respect to this testimony and consequently, the error has not been preserved for appellate review (*People v Rivera,* 53 NY2d 1005; *People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011). Nor does this error require a reversal of the judgment of conviction as a matter of discretion in the interest of justice. The adverse effect of this testimony was clearly related to the drug possession charge, of which defendant was acquitted by the jury. Accordingly, the judgment convicting defendant of the crimes of escape in the second degree and resisting arrest must be affirmed. Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.