■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO BOERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered March 26, 1982, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

By not making an objection at trial, the defendant failed to preserve for appeal the issue of the admissibility of testimony

by one of the prosecution's witnesses that the defendant had failed to indicate on his Customs declaration form that he was bringing emeralds into the country (see, CPL 470.05 [2]; *People v Boylan*, 98 AD2d 779). Nor does the admission of this testimony warrant a reversal of the judgment as a matter of discretion in the interest of justice. The prejudicial effect of this testimony was insignificant, especially when considered in light of the further testimony by the witness that there was no Customs duty or tax on emeralds.

While the prosecutor's statement that he believed the evidence against the defendant to be "overwhelming" may have technically been improper, it did not deprive the defendant of a fair trial. No prejudice could have been caused by this statement, given the prosecutor's emphatic admonition to the jury that they were only to consider the evidence and that nothing he said was evidence. This admonition was effectively repeated by the defense counsel and the court. Therefore, the prosecutor's statement is not a ground for reversal of the judgment of conviction (see, *People v Galloway*, 54 NY2d 396, 401).

The defendant did not preserve for appellate review the issue of the correctness of the court's charge since he made no objection to it at trial (see, CPL 470.05 [2]; *People v Rios*, 100 AD2d 521). Moreover, the court's charge was, in any event, fair and evenhanded. Thus, the interest of justice does not mandate a reversal on that ground either.

Finally, the mere fact that the defendant's counsel did not request a pretrial suppression hearing, which would, in any case, have had little chance of being successful, did not constitute ineffective assistance of counsel (see, *People v Morris*, 100 AD2d 630, *affd* 64 NY2d 803). Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.