■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered July 25, 1985, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel at trial. Contrary to the defendant's assertions, the record indicates that trial counsel presented a coherent and plausible defense, effectively cross-examined the defendant's codefendant and the People's witnesses, and briefly but accurately summarized the defendant's position to the jury. We find no error in the defense counsel's failure to move to suppress the undercover officers' identifications of the defendant or in counsel's failure to move to suppress the evidence seized at the time of the defendant's arrest, as any such motions, under the facts presented here, would have inevitably been denied. Moreover, the defense counsel's failure to make a severance motion was not erroneous, but rather, in light of the codefendant's testimony, which if credited would have exonerated the defendant, reflected a reasonable trial strategy. The fact that that strategy ultimately proved unsuccessful cannot be equated with ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137; *People v Outler,* 118 AD2d 819). The representation afforded the defendant was competent, effective and meaningful and was, therefore, constitutionally adequate *(see, People v Smith,* 59 NY2d 156; *People v Baldi, supra).* Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.