■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE LAWTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 16, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial (Meyerson, J.), after a hearing, of the defendant's motion to dismiss the indictment on the ground of double jeopardy (see, People v Lawton, 127 Misc 2d 800).

Ordered that the judgment is affirmed.

Just prior to the start of jury selection, the Assistant District Attorney informed the court that he was having difficulty securing the presence of two eyewitnesses. The court agreed not to swear the jury "as a jury" once they are selected, in case it became necessary to declare a mistrial. A jury was then picked with the court swearing in each group as they were selected. When it became evident that the prosecution would not be able to locate the eyewitnesses in the immediate future, the court declared a mistrial and dismissed the jury. The defendant thereafter made a motion to dismiss the indictment on the ground that jeopardy had attached once the original jury had been selected and that placing him on trial a second time would violate his constitutional rights (US Const 5th Amend; NY Const, art I, § 6). In the course of its decision, the trial court held that although all 12 members of the original jury had been sworn at the time they were dismissed, jeopardy had not yet attached pursuant to CPL 40.30 (1) (b) since the jury, which had not been sworn en masse, was not "impaneled and sworn" (CPL 40.30 [1] [b]).

While we disagree with the trial court in its holding that the first jury had not been impaneled and sworn at the time of their dismissal, we nevertheless concur with the denial of the defendant's motion to dismiss the indictment. It is well settled that jeopardy attaches once 12 jurors have been sworn, regardless of whether the swearing was done individually or en masse (see, Matter of Brackley v Donnelly, 53 AD2d 849;

*People v Scott,* 40 AD2d 933). However, the record clearly supports the trial court's finding that the defendant had consented to the dismissal of the first jury. Although the defendant contends that he never expressly consented to the mistrial, a thorough reading of the record calls into question this assertion. In any case, the record supports a finding that the defendant impliedly consented to the jury's dismissal, which is sufficient for him to have waived any double jeopardy claims *(see, People v Ferguson,* 67 NY2d 383, 388).

The defendant recites a litany of alleged deficiencies in the representation by his trial counsel ranging from counsel's failure to request a *Dunaway* hearing *(Dunaway v New York,* 442 US 200) to his failure to aggressively cross-examine witnesses. The failure of counsel to request a particular hearing is not necessarily indicative of ineffective representation *(see, People v McCrimmon,* 131 AD2d 598; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803), especially where, as here, the record reflects that probable cause to arrest the defendant did exist *(see, People v Boero,* 117 AD2d 814). The remainder of the defendant's claims concern what were apparently decisions by counsel concerning trial strategy which our courts have refused to second-guess on appeal *(see, People v Satterfield,* 66 NY2d 796, 799-800; *People v Rodriguez,* 132 AD2d 682; *People v Miekeljohn,* 131 AD2d 512). The record reveals that the performance of counsel did not deprive the defendant of meaningful representation *(see, People v Rose,* 57 NY2d 837, *rearg denied* 58 NY2d 779; *People v Baldi,* 54 NY2d 137, 147).

The alleged errors of the prosecutor during direct examination of one of his witnesses and during summation are not preserved for review *(see, People v Stokes,* 132 AD2d 718), and, in any case, were not so prejudicial as to require a new trial *(see, People v Cobb,* 104 AD2d 656, 658). The defendant's objections to the charge are likewise unpreserved and, in any event, are without merit. The charge on flight was proper in light of the evidence of flight adduced at trial *(see, People v Yazum,* 13 NY2d 302, 304, *rearg denied* 15 NY2d 679; *People v Limage,* 57 AD2d 906), and a charge on circumstantial evidence was not warranted since the People's case was based partly on direct evidence in the form of the defendant's admission *(see, People v Sanchez,* 61 NY2d 1022; *People v DiBlasi,* 130 AD2d 679).

Finally, we note that the defendant's conviction was supported by legally sufficient evidence *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Pagan,* 132 AD2d 681), and, upon the exercise of our factual review power, we

are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.