■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. WHITE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Mishkin, J., at plea; Patsalos, J., at sentence), rendered August 27, 1984, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the case is remitted to the County Court, Orange County, to hear and report in accordance herewith and the appeal is held in abeyance in the interim. The County Court, Orange County, shall file its report with all convenient speed.

At sentencing, the defendant orally moved to withdraw his guilty plea, upon the bare allegations that he was not guilty, and had entered the guilty plea under duress. The minutes of the plea indicate, to the contrary, that the defendant admitted his guilt by briefly explaining the facts of the crime, that he stated that he had not been forced or threatened into pleading guilty, and that he was doing so of his own free will after consulting with counsel. The County Court summarily denied the motion by stating that the "application is denied". While the law favors the finality of guilty pleas and they are not to be undone lightly or at the whim of the defendant *(cf., People v Francis,* 38 NY2d 150; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067), a court should not proceed to impose sentence over protestations of innocence without, at the very least, undertaking a "limited interrogation" of the defendant concerning his claim *(People v Tinsley,* 35 NY2d 926, 927). There was no such interrogation in this case *(see, People v Gatling,* 84 AD2d 539). Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.