■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BELGRAVE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered February 11, 1986, convicting him of attempted robbery in the first degree and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

As part of an omnibus pretrial motion the defendant sought suppression of "any eyewitness identification testimony". In opposing the motion the People stated that the defendant had failed to set forth sufficient legal or factual grounds as required by CPL 710.20 (6). The suppression motion was denied and the case proceeded to trial. The complainant testified that at the time of the incident he knew the defendant for about 5 or 6 months as a casual acquaintance. The defense elicited that, as part of their investigation, the police showed a photograph of the defendant to the complainant in order to confirm his identity. After the defendant's arrest the complainant attended a confirmatory showup and identified him. In his opening and upon summation the defense counsel argued that the procedures used by the police to confirm the defendant's identity were unduly suggestive and asked the court to take this into account in determining the question of the defendant's guilt.

The defendant argues that his attorney's failure to properly frame the pretrial suppression motion constituted ineffective assistance of counsel in light of his arguments at trial that the identification procedures employed by the police were suggestive. Although the defendant was entitled to a *Wade* hearing based on his claim that he did not know and had never seen the complainant, the failure of his counsel to obtain a hearing is not in and of itself proof that the defendant received ineffective assistance of counsel *(see, People v White,* 137 AD2d 859; *People v Lawton,* 134 AD2d 454; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). The evidence indicates that the procedures employed by the police were for the purpose of confirming the defendant's identity and were therefore not subject to suppression. Where, as here, any application to suppress identification testimony would likely have been denied, it was not remiss for counsel to fail to pursue a hearing *(see, People v Lawton, supra; People v Boero,* 117 AD2d 814). A review of the entire record reveals that the defense counsel

provided "meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 147; *People v White, supra),* and, therefore, the defendant's claim of ineffective assistance is without merit. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.