■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MONTANA, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weissman, J.), dated July 20, 1988, which denied his motion pursuant to CPL 440.10, which was, inter alia, to vacate a judgment of the same court, rendered May 8, 1984, convicting him of burglary in the second degree (three counts), attempted burglary in the second degree and possession of burglar's tools, on the ground that he was denied the effective assistance of trial counsel.

Ordered that the matter is remitted to the County Court, Suffolk County, to hear and report on that branch of the defendant's motion which was to vacate the judgment on the ground of his trial counsel's failure to request a Mapp hearing, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, is to file its report with all convenient speed.

We agree with the County Court that the defendant failed to make "a showing that there was no legitimate reason" for requesting a hearing to suppress his statements made to police officers (People v Montana, 71 NY2d 705, 709). The defendant's primary defense at trial was that his confessions were unbelievable, since he told the police that he committed certain crimes in New York on July 14, 1983, and it was

established at trial that he was in Colorado on that day. Those trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness *(People v Baldi,* 54 NY2d 137, 146).

However, in his affidavit in support of the instant motion, the defendant averred that, prior to trial, he and his attorney did not confer with respect to the circumstances surrounding his arrest, nor did they discuss any trial strategy regarding the screwdriver that the police found in his pocket prior to his arrest. Therefore, the defendant demonstrated "that his attorney failed to make proper inquiry" *(People v Montana, supra,* at 709). The defendant made "a showing that there was no legitimate reason" for the failure to pursue this " 'colorable' " claim *(People v Montana, supra,* at 709). Consequently, a hearing should be conducted and testimony received from the defendant's trial counsel concerning his failure to request a *Mapp* hearing *(see, Mapp v Ohio,* 367 US 643). Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.