■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENNETT, Appellant.—Judgment, Supreme Court, New York County (Richard Carruthers, J., at *Huntley* hearing, jury trial and sentence), rendered April 7, 1986, convicting defendant of attempted robbery in the first degree and attempted robbery in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of from 3 to 9 years and 2 to 6 years, respectively, is unanimously affirmed.

In failing to make the appropriate CPL 440.10 motion to vacate the judgment on the ground now alleged, ineffective assistance of trial counsel, defendant denies this court the opportunity to consider additional background facts which might have been developed *(People v Satterfield,* 66 NY2d 796, 799). In any event, his arguments on appeal are insufficient to demonstrate that he was deprived of "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

The claim that he was denied his Sixth Amendment right to counsel because of counsel's hearing impairment, without any factual showing in support of this claim, is rejected. After the court took notice of the impairment, it had an amplifying system installed and counsel indicated that he had no further hearing problem. Further, it cannot be said that counsel's failure to request a *Wade* hearing constituted ineffective assistance of counsel, since there is no reason to assume that counsel had any legal basis to support a motion to suppress testimony about the lineup identification.

Although it was improper to admit into evidence codefendant's statements inculpating defendant *(see, Cruz v New York,* 481 US 186), this violation of defendant's confrontation right was clearly harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750, 756). Defendant confessed to the attempted robberies and his detailed confession closely followed the events as related by the complainant. Moreover, complainant positively identified defendant in a lineup. Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.