■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON LOCKHART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Facelle, J.), rendered April 11, 1988, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the seventh degree, and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel at trial. Although the defendant's counsel did not move to suppress certain physical evidence, that failure does not in itself establish ineffective assistance (see, People v Belgrave, 143 AD2d 103; People v White, 137 AD2d 859), especially where, as in this case, the record demonstrates that such a challenge to the admissibility of the evidence would have proved unavailing (see, People v Perez, 133 AD2d 856; see also, People v Bennett, 157 AD2d 630). Similarly, trial counsel's strategy and tactics, while ultimately unsuccessful, were reasonable and do not sustain the defendant's claim of ineffective assistance (see generally, People v Baldi, 54 NY2d 137). Counsel's efforts, including a motion to controvert the search warrant, the tenacious cross-examination of prosecution witnesses, and the presentation of a viable defense to the most serious charges, sufficed to constitute "meaningful representation" (People v Baldi, supra, at 147) when the record is viewed as a whole.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.