■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MONTANA, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weisman, J.), dated July 20, 1988, which denied his motion pursuant to CPL 440.10, which was, *inter alia,* to vacate a judgment of the same court, rendered May 8, 1984, convicting him of burglary in the second degree (three counts), attempted burglary in the second degree, and possession of burglar's tools, on the ground that he was denied the effective assistance of trial counsel. By decision and order dated April 24, 1989, this court held the appeal in abeyance and remitted the matter to the County Court, Suffolk County, to hear and report on that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate the judgment on the ground of his trial counsel's failure to request a *Mapp* hearing *(People v Montana,* 149 AD2d 738). After a hearing on that issue, the County Court, Suffolk County, submitted its report to this court.

Ordered that the order is affirmed.

On the defendant's direct appeal, this court affirmed the judgment convicting him of burglary in the second degree and related charges, finding upon review of the trial record that trial counsel had provided the defendant with meaningful representation *(see, People v Montana,* 130 AD2d 773, citing *People v Baldi,* 54 NY2d 137, 147). The defendant appealed this court's decision and order to the Court of Appeals. In

affirming the decision and order, the Court of Appeals stated, in pertinent part: "[D]efendant made no showing that counsel's failure to seek a suppression hearing was not premised on strategy. Thus, this court is asked to decide the claims of ineffective assistance of counsel by resorting to supposition and conjecture rather than a thorough evaluation of each claim based on a complete record (CPL 440.10)" *(People v Montana,* 71 NY2d 705, 709).

Subsequently, the defendant sought collateral review of the judgment of conviction by motion to vacate the judgment pursuant to CPL 440.10 on the ground that he was deprived of effective assistance of counsel due to his counsel's failure to request a *Mapp* hearing despite indications that the facts may well have warranted such a hearing. Without holding a hearing, the trial court denied the defendant's motion. Upon the appeal from that order, by permission of this court, we held the appeal in abeyance and remitted the matter for a hearing on that branch of the defendant's CPL 440.10 motion concerning the trial counsel's failure to request a *Mapp* hearing.

At the hearing, the defendant's trial counsel was the only witness and he was thoroughly cross-examined by the defendant's new counsel. Trial counsel testified that he had discussed with the defendant the circumstances of his arrest and the recovery of a screwdriver from the defendant's pocket. Based upon the information he obtained, trial counsel determined that there was no basis to challenge the defendant's arrest or to seek suppression of the physical evidence seized from the defendant.

Upon our examination of the hearing transcript we are of the opinion that there is no "reasonable probability" that but for counsel's failure to move to suppress the physical evidence upon the basis of the illegality of the defendant's arrest, the result of the proceeding would have been different *(see, Strickland v Washington,* 466 US 668, 694). Counsel's failure in this regard does not, in and of itself, indicate ineffective representation *(see, People v Montana,* 71 NY2d 705, 709, *supra; People v De Mauro,* 48 NY2d 892; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Perhaps counsel should have requested a hearing, but where, as here, it is highly doubtful that such a motion would have been successful, counsel was not remiss in failing to pursue a hearing *(see, People v Belgrave,* 143 AD2d 103; *People v Lawton,* 134 AD2d 454; *People v Boero,* 117 AD2d 814). This is particularly so given the testimony of trial counsel that he made a proper inquiry as to the factual basis for a hearing and made a reasonable judgment as to its lack of

viability. Thompson, J. P., Bracken, Kunzeman and Balletta, JJ., concur.