◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE KIESER, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Matthews, J.), rendered August 14, 1987, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence; and (2), by permission, from an order of the same court (O'Brien, J.) dated March 30, 1990, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

On appeal, the defendant contends that the Supreme Court should have vacated his conviction pursuant to CPL 440.10 because he was deprived of his Sixth Amendment right to counsel. We disagree. Although the courts have consistently construed the term "counsel" to mean nothing less than a licensed attorney *(see, People v Felder,* 47 NY2d 287, 291; *Solina v United States,* 709 F2d 160, 167), not every "technical defect in the licensed status of a defendant's representative" *(Solina v United States, supra,* at 167) amounts to a violation of the Sixth Amendment *(see, United States v Novak,* 903 F2d 883; *Solina v United States, supra).* At bar, the defendant's attorney Kenneth Yates was admitted to practice in the State of New Jersey, but was not entitled to practice in that State at the time of the defendant's arraignment because of his failure to remit fees to the Clients' Security Fund. However, Yates' temporary ineligibility to practice law on these grounds did not diminish his competency as an attorney, and had no bearing on his ability to represent the defendant *(see, People v Chin Min Foo,* 144 Misc 2d 589). Similarly, Yates' failure to seek admission to practice in New York *pro hac vice* following the reinstatement of his license did not affect his professional qualifications or competence *(see, Solina v United States, supra; United States v Novak, supra).* Accordingly, under these circumstances, we find that the defendant was not deprived of his right to "counsel" within the meaning of the Sixth Amendment.

We further find unpersuasive the defendant's contention that he was denied the effective assistance of counsel at trial. Trial counsel's failure to object to certain questions during the defendant's cross-examination, and to a portion of the prosecutor's summation, did not deprive the defendant of meaningful representation. Counsel cross-examined the prosecution witnesses, made appropriate motions, elicited from the defendant his laudable credentials, his denial of the charges and explanation in defense, made an adequate opening statement, and set forth the defense in summation. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of representation, reveal that meaningful representation was provided *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *cf., People v Daley,* 172 AD2d 619 [decided herewith]).

Additionally, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.