■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LACONTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 1, 1988, convicting him of robbery in the first degree (two counts) under Indictment No. 8448/86, upon a jury verdict, and from two judgments of the same court, both rendered June 23, 1988, convicting him of robbery in the second degree (two counts, one each as to Indictment Nos. 1679/88 and 1713/88), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel at trial. Although the defendant's counsel did not move to suppress the identification testimony of the complaining witnesses based on a station house showup, that failure does not in itself establish the ineffective assistance of counsel *(see, People v Belgrave,* 143 AD2d 103; *People v White,* 137 AD2d 859). In this case, the record demonstrates that such a challenge to the admissibility of the evidence would have proved unavailing *(see, People v Boero,* 117 AD2d 814), since, given the fact that the complainants had known the defendant for at least two years, the showup identification was for confirmatory purposes, and the issue of suggestive procedures would therefore not arise *(see, People v Vasquez,* 141 AD2d 880; *People v Belgrave, supra).*

Similarly, trial counsel's strategy and tactics, while ultimately unsuccessful, were reasonable and do not sustain the defendant's claim of ineffective assistance of counsel *(see generally, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Sullivan,* 153 AD2d 223).

Furthermore, we find that the sentences imposed were not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.