■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 9, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that he was denied the effective assistance of counsel at trial. Trial counsel's failure to object to certain questions during the examination of certain prosecution witnesses did not deprive the defendant of meaningful representation. Counsel cross-examined the prosecution witnesses, made an appropriate motion for dismissal, and set forth the defense in summation. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, reveal that meaningful representation was provided (see, People v Kieser, 172 AD2d 626; People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

The defendant contends that the trial court's charge as to circumstantial evidence did not adequately convey the appropriate law to the jury. However, inasmuch as no objection was raised to this portion of the charge, the issue has not been

preserved for appellate review *(see,* CPL 470.05 [2]; *People v Ford,* 66 NY2d 428, 441; *People v Alvarez,* 160 AD2d 885, 886; *People v Fernandez,* 137 AD2d 709, 710). In any event, the instruction in question apprised the jury of the correct standard to be applied in evaluating circumstantial evidence *(see, People v Ford, supra,* at 441-442; *People v Fernandez, supra,* at 710).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Balletta and Ritter, JJ., concur.