■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY S. DAVIS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Fromer, J.), rendered July 2, 1987, upon a verdict convicting defendant of the crimes of manslaughter in the second degree (two counts), vehicular manslaughter in the second degree (four counts), assault in the second degree (two counts), vehicular assault in the second degree (four counts) and reckless endangerment in the first degree (four counts).

At 7:15 P.M. on January 2, 1987, defendant was operating his snowmobile on a public highway at a high rate of speed during a blizzard, and while under the influence of both cocaine and marihuana, when he struck a family of four who were walking single file on the shoulder of the road. Robert Martin was thrown to the side of the road and suffered a

broken wrist and a severely fractured leg. His wife, Patricia Martin, was thrown 66 feet down the road and suffered multiple fractures of her legs and brain damage, causing her to remain comatose for an extended period of time. Six-year-old William Nietsch was thrown a distance of 28 feet and landed in the oncoming traffic lane, later dying of brain injuries. Michael Martin, age 19 months, who had been in his mother's arms, was thrown 115 feet and died of a transected spinal cord. The victims were left unattended and abandoned in the roadway and its shoulders until an automobile came upon the scene some 15 minutes later. The wheels of this car straddled William Nietsch's body.

Defendant was indicted on two counts of manslaughter in the second degree, four counts of vehicular manslaughter in the second degree, two counts of assault in the second degree, four counts of vehicular assault in the second degree, four counts of reckless endangerment in the first degree, and two counts of operating a snowmobile on a street or highway while under the influence of alcohol or drugs (see, PRHPL 25.24).[1] Defendant's motion to dismiss the vehicular homicide and vehicular assault charges was denied. Following a trial, defendant was convicted on all of the charges for which he was tried. County Court sentenced defendant to concurrent prison terms of 5 to 15 years for each manslaughter conviction, 2⅓ to 7 years for each vehicular manslaughter conviction, reckless endangerment conviction and assault conviction, and 1⅓ to 4 years for each vehicular assault conviction.

On this appeal, defendant contends that a critical element of the vehicular manslaughter and vehicular assault counts was not proven. At the time of the accident, those charges required that the cause of death or serious physical injury be "by operation of a vehicle in violation of subdivision two, three or four of section eleven hundred ninety-two of the vehicle and traffic law" (Penal Law § 120.03 [former (2)]; § 125.12 [former (2)]). County Court held that the term vehicle, as defined by Penal Law § 10.00 (14), included snowmobiles. Defendant argues that a violation of Vehicle and Traffic Law § 1192 could not occur with a snowmobile because Vehicle and

---

1. There are four counts each for vehicular manslaughter and vehicular assault because defendant was separately charged for his marihuana and cocaine use. The vehicular manslaughter charges are for the deaths of Michael Martin and William Nietsch. The vehicular assault charges are for the vehicular assault of Robert Martin and Patricia Martin. The two counts of violating PRHPL 25.24 were later severed from the indictment.

Traffic Law former § 2229[2] specifically excepts snowmobiles from the definition of the term vehicle as defined by Vehicle and Traffic Law § 125. We agree. Insofar as snowmobiles, which were not vehicles within the purview of Vehicle and Traffic Law § 1192 at the time of the accident and could not have been operated in violation thereof, defendant's convictions for vehicular manslaughter and vehicular assault must be reversed[3] and those counts dismissed.

Defendant's next contention is essentially that the evidence produced by the People did not establish recklessness. We will assume that defendant has challenged both the sufficiency and weight of the evidence. Defendant readily admits in his brief on this appeal that the victims were struck along a dark, country road during a major blizzard which curtailed visibility. It is in these conditions that the People proved that defendant operated a snowmobile along a public road, that he was traveling at an excessive rate of speed, and that he was under the influence of cocaine and marihuana. Under these circumstances, and viewing the evidence in a light most favorable to the People, we find ample support for the jury finding that a culpable mental state of recklessness was present *(see, People v Bleakley,* 69 NY2d 490; *see also, People v Rooney,* 57 NY2d 822). Moreover, upon our review of the record we do not find that the verdict was against the weight of the evidence.

Defendant also argues that the People failed to prove that his conduct caused the death of William Nietsch. However, even if the injuries inflicted by striking the child with the snowmobile had not caused his death outright, defendant's conduct in leaving the child unconscious and helpless in the middle of a highway in the dark of night during a blizzard was a sufficiently direct cause of death upon which to impose criminal liability *(see, People v Kibbe,* 35 NY2d 407, 413, *affd* 431 US 145; *People v Weir,* 112 AD2d 594, 595).

We also find defendant's next contention, that he was denied a fair trial, unpersuasive even if all of the errors he

---

2. Vehicle and Traffic Law former § 2229 also excluded snowmobiles from the definition of the term vehicle found in Penal Law § 10.00 (14); however, a subsequent amendment to Penal Law § 10.00 (14) (L 1975, ch 686) specifically added snowmobiles to the definition of vehicle.

3. This abnormality has been addressed by the Legislature with the enactment of Laws of 1989 (ch 393) which amended Penal Law §§ 120.03 and 125.12, by adding subdivision (3) to each section, to include the use of snowmobiles in violation of PRHPL 25.24 (1) as an element of both vehicular assault and vehicular manslaughter.

has alleged are considered cumulatively. Finally, the contention that the sentence imposed was harsh and excessive is without merit. Defendant had a recent conviction for operating a motor vehicle while intoxicated and admitted his continued use of illegal substances following the subject incident. When weighed against defendant's gross and conscious deviation from a standard of reasonable conduct in the face of the attendant unjustifiable and substantial risks, we cannot say that County Court abused its discretion in imposing sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899; *see also, People v Jefferson,* 161 AD2d 898, *lv denied* 76 NY2d 790).

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of four counts of vehicular manslaughter in the second degree and four counts of vehicular assault in the second degree; said counts of the indictment dismissed; and, as so modified, affirmed.