■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. BLACK, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 4, 1991, convicting defendant following a nonjury trial of the crime of burglary in the third degree.

Shortly after midnight on July 23, 1990, defendant was apprehended inside the Lodge Restaurant in the Town of Morristown, St. Lawrence County, by the owner who had been alerted by a silent alarm. Defendant was indicted on a charge of burglary in the third degree, convicted after a bench trial and sentenced as a second felony offender to 1½ to 3 years' imprisonment. This appeal ensued.

We find defendant's initial contention that it was error for the same court to both render a *Sandoval* ruling and preside

in a nonjury trial to be without merit. A Judge is uniquely capable of distinguishing issues and making objective determinations despite awareness of inadmissible facts *(see, People v Moreno,* 70 NY2d 403, 406; *People v Cheswick,* 166 AD2d 88, 92, *affd* 78 NY2d 1119).

Equally unavailing are defendant's arguments that the verdict was against the weight of the evidence and that the evidence was insufficient to provide the element of intent required for burglary in the third degree. The defense was based upon the absence of defendant's intent to commit a crime when he entered the building. Defendant contended that he sought only to use a telephone to call for assistance with his disabled vehicle. The proof showed that a screen had been cut to gain forced entry; that a screwdriver was found in defendant's pocket; that drawers in two desks had been opened; that there were telephones in rooms other than the office; that there were outside pay phones at two nearby locations; and that the automobile was started in the police pound without difficulty two weeks later. All of these facts dispelled defendant's explanations for being inside the restaurant. The testimony also revealed that defendant had remained in his vehicle for an hour just a few hundred feet from the restaurant. The alarm was triggered at 12:10 A.M. when defendant gained entry just minutes after the last employees had left. He was in the premises over five minutes before the owner arrived, during which time defendant claims he was unable to find a telephone. In our mandatory review of the record evidence *(see, People v Bleakley,* 69 NY2d 490), we reject both of defendant's contentions.

The proven facts provide a valid line of reasoning and permissible inferences to be drawn which could lead a rational person to the same conclusion reached by the trier of the facts on the basis of that evidence, i.e., that defendant broke into the restaurant to steal *(see, People v Bleakley, supra,* at 495; *Cohen v Hallmark Cards,* 45 NY2d 493, 499). We further find that when the probative force of the conflicting evidence offered by defendant and the relative strength of the conflicting inferences which can be drawn therefrom are weighed against the People's proof *(see, People ex rel. McCracken v Miller,* 291 NY 55, 62; *see also, People v Smith,* 63 NY2d 41, 52, *cert denied* 469 US 1227), the conviction is not against the weight of the evidence and should be affirmed *(see, People v Bleakley, supra,* at 495).

Finally, we reject defendant's claim that his assigned counsel was ineffective. The strategy and tactics, while ultimately

unsuccessful, were reasonable and do not support his claim of ineffective assistance of counsel *(see, People v LaConte,* 172 AD2d 775; *see generally, People v Garcia,* 75 NY2d 973, 974; *People v Baldi,* 54 NY2d 137). The evidence, the law and the circumstances of this case, viewed in totality as of the time of the representation, demonstrate that the representation was meaningful *(see, People v Kieser,* 172 AD2d 626, 627, *affd* 79 NY2d 936). There is no merit to the claim that the sentence imposed was either harsh or excessive.

Mikoll, Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.