■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WELLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered June 1, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim of ineffective assistance of counsel. The record reveals that the defense sought suppression of the defendant's statements on the ground that those statements were not voluntarily made, presented cogent opening and closing statements, vigorously cross-examined witnesses, proffered a defense witness, and made appropriate objections and applications throughout the proceedings. Under the totality of the circumstances, it cannot be said that the defendant was denied his constitutional right to meaningful representation of counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394).

The failure to make a particular pretrial motion does not, by itself, establish ineffective assistance of trial counsel. Many reasons may account for a failure to seek a pretrial suppression hearing, including a reasonable conclusion, based on the facts known at the time, that there was no colorable basis for suppression. To prevail on a claim of ineffective assistance of counsel, it is incumbent on the defendant to demonstrate the absence of strategic or legitimate explanations for counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent

manner and exercised professional judgment in not pursuing a hearing *(see, People v Rivera,* 71 NY2d 705, 709; *People v LaConte,* 172 AD2d 775; *People v Sullivan,* 153 AD2d 223, 231; *People v Cox,* 146 AD2d 795).

There was more than an ample basis for the defendant's arrest, without resort to his statements which were made following his arrest. Thus, the defendant has failed to demonstrate that counsel's failure to seek suppression of the defendant's statements on the ground that he was arrested without probable cause shows ineffectiveness.

In view of the heinous and brutal nature of this crime, and the unfavorable prognoses for rehabilitation contained in the presentence reports, we find that the sentence imposed was not excessive.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.