■ The People of the State of New York, Respondent, v Tyrone Holden, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered May 9, 1991, upon a verdict convicting defendant of the crime of assault in the second degree and endangering the welfare of a child.

In January 1991, Linwood Gholson, Jr. (hereinafter Lin-

wood), then 7½ years old, began living with his natural mother, Terry Dano, and his two sisters because his natural father, Linwood Gholson, Sr., with whom he had been living for the previous five years, had recently been incarcerated. Dano's boyfriend at the time was defendant, the father of her then-unborn son. Observing that Dano was having difficulty controlling the behavior of Linwood, defendant began to act as a father figure to the boy and to discipline the boy when he misbehaved. Defendant was a boxer. He would take Linwood with him to the gym and Linwood would do push-ups and rowing machine exercises every night before bed.

On the afternoon of May 31, 1991 Linwood called Dano his "whore" and said that he was her "pimp" in the presence of others at his school bus stop. As a result Dano spanked the fully clothed Linwood on the buttocks with a belt about 10 times before dinner time. After dinner defendant arrived at Dano's residence and, upon being told of the language Linwood used, told Linwood to go to his bedroom where he struck Linwood on the bare buttocks more than 10 times with a stick or belt. Linwood was then directed to take his evening bath.

Linwood testified at the trial that defendant turned the bath water on and that smoke (i.e., steam) came from the water. Linwood said that he got in the water and that it hurt his bottom. Linwood also stated later that defendant hit him while he was in the bath tub on both legs with a belt. Following his bath Linwood went into the living room and did his usual exercises before going to bed.

At school the next day, Linwood was sent to the nurse's office on three occasions because his pants were wet. It was not until the third occasion when Linwood allowed the nurse to help him change that the nurse observed the blistered, discolored, raw and bruised condition of his buttocks. The wetness of Linwood's pants was due to the breaking of the blisters. Child Protective Services was then notified and Linwood was examined and treated by a pediatrician, Henry Neilley, who testified at the trial as to the severity of the burns on Linwood's buttocks and right ankle. Neilley said that there were no other burns on the boy's body. Linwood was confined to a hospital for five days and was placed in a foster home upon his release.

Defendant went to trial on a five-count indictment charging him with assault in the second degree (count one), assault in the second degree (count two), assault in the second degree (counts three and four) and endangering the welfare of a child

(count five). A demand for an alibi and a notice of intent to offer evidence of, *inter alia,* defendant's prior oral and written statements were served by the prosecution. Thereafter, defense counsel and the prosecution entered into a voluntary disclosure agreement whereby defendant waived his right to demand, *inter alia,* a bill of particulars.

Defendant did not take the stand at the jury trial. However, upon defendant's request made at the close of the prosecution's case, the court dismissed the first count of the indictment. The jury found defendant not guilty of the second count, guilty of the third count (assault in the second degree using scalding water as a dangerous instrument), not guilty of the fourth count and guilty of the fifth count (endangering the welfare of a child). County Court sentenced defendant to a 2 to 6-year prison term on the assault conviction and one year on the child endangerment conviction, both sentences to run concurrently.

Defendant urges reversal on four grounds: (1) the jury verdict is not supported by legally sufficient evidence and is against the weight of the evidence, (2) County Court failed to give a circumstantial evidence charge, (3) deprivation of the effective assistance of counsel, and (4) deprivation of a fair trial due to evidentiary rulings of County Court. He also argues that the sentence was harsh and excessive. We disagree and affirm the judgment of conviction.

Defendant's first argument, regarding the sufficiency of the proof that the element of recklessness required for the assault conviction was not proven, is not persuasive. There was testimony by Linwood that defendant turned on the bath water and that steam came from the water. Defendant's oral and written statements revealed that he knew the water was too hot and that Linwood was directed to sit in the hot water while defendant added cold water. Dano testified that the hot water would steam when the hot water faucet was turned on. Neilley, the treating pediatrician, testified that because of the hot temperature of the water, Linwood's pain reflex would have caused him to exit the water immediately upon putting his foot in the water and discovering that it was scalding. Although Linwood's testimony at times appeared inconsistent, the jury could accept parts of it and reject other parts especially in view of the child's age, his educational level and the family situation. Moreover, Neilley also testified that in his opinion the pattern of burns on Linwood was due to immersion burns where the boy was sitting in water and not to accidental immersion burns. The burns suggested that it was

mainly his buttocks that were immersed in the hot water, indicating that Linwood "must have been in [the scalding] water a lot longer than he wanted to".

As this evidence must be viewed in a light most favorable to the People (see, People v Ford, 174 AD2d 853, lv denied 78 NY2d 955) the jury could properly conclude that defendant was reckless in his conduct toward Linwood causing him severe burns (see, People v Bleakley, 69 NY2d 490, 495). There was also sufficient evidence to permit the jury to properly conclude that the severe and permanent injuries were caused by a dangerous instrument, i.e., the scalding water (see, People v Galvin, 65 NY2d 761, 762-763; People v Carter, 53 NY2d 113, 116-117).

Likewise, when viewed in the light most favorable to the People, the evidence was sufficient to establish the elements of defendant's conviction for endangering the welfare of a child (see, People v Ford, supra; see also, People v Bleakley, supra). Defendant was aware or should have been aware that turning on the steaming hot bath water and having Linwood sit in it without first ascertaining its unsafe temperature was likely to be injurious to his physical welfare (see, supra).

Defendant's argument that the verdict was not in accord with the weight of the evidence is without merit. As it would have been unreasonable for a jury to arrive at a different finding on the evidence presented, it cannot be said that the verdict is against the weight of the evidence (see, People v Bleakley, supra).

Turning to defendant's argument that County Court erred by failing to give a circumstantial evidence charge, we find no error. Defendant never requested such charge and thereby waived it. Further, such charge was not required because the case consisted of both direct and circumstantial evidence (see, People v Ruiz, 52 NY2d 929; People v Gerard, 50 NY2d 392, 397-398; People v Barnes, 50 NY2d 375, 380-381). The testimony of the victim and Neilley, coupled with defendant's own oral and written statements and the testimony of Dano and others, supplied direct evidence of defendant's guilt so that the jury verdict cannot be said to have rested on circumstantial evidence alone (see, supra).

Defendant's argument that he was denied effective representation of counsel is rejected. Generally, "[t]he focus of inquiry when the issue is raised is whether defendant received meaningful representation under all the circumstances" (People v Balzer, 155 AD2d 733, 734, lv denied 75 NY2d 810; see, People

*v Baldi,* 54 NY2d 137, 147). Defendant has failed to demonstrate the absence of a strategic or other legitimate explanation for his trial counsel's actions and, thus, has failed to show that he was deprived of effective assistance of counsel *(see, People v Garcia,* 75 NY2d 973, 973-974). In view of the entire case, including the results obtained in the dismissal and acquittal of three of the charges, it appears that the actions of defense counsel were reasonable and that defendant was afforded meaningful representation *(see, People v Black,* 183 AD2d 969 970-971; *People v Kieser,* 172 AD2d 626, *affd* 79 NY2d 936). We have examined defendant's claims in support of his contention that he was deprived of a fair trial and find them insufficient to support such contention.

Finally, defendant's claim that his sentence was harsh and excessive is rejected. Considering the relevant factors including the severity of the injury to the child, his tender years, that the sentences were authorized by law and within the sentencing guidelines, this is not an appropriate case for the exercise of this Court's discretion to reverse in the interest of justice and we decline to do so *(see,* CPL 470.15 [6] [b]; *People v Ambrose,* 160 AD2d 1097, 1097-1098, *lv denied* 76 NY2d 784; *see also, People v Davis,* 178 AD2d 714, 716-717, *lv denied* 79 NY2d 946).

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.