■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PARK, Appellant. [621 NYS2d 379] —Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered January 9, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence, (2) by permission, from an order of the same court, dated December 19, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of trial counsel, and (3) by permission, from an order of the same court, dated May 17, 1993, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the People misrepresented and failed to disclose material evidence to the defendant prior to trial.

Ordered that the judgment rendered January 9, 1991, and the order dated May 17, 1993, are affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of trial counsel, and the appeal from the order dated December 19, 1991, is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

Under the particular circumstances of this case, we find that it was error to summarily deny the defendant's motion to vacate the judgment of conviction *(see,* CPL 440.10) on the ground that he was denied the effective assistance of trial counsel. The defendant's motion was supported by affidavits which tended to show the availability of witnesses who could have testified in support of an alibi defense, and who could have testified that the defendant's physical condition was such as to render it less likely that he was one of the perpetrators. Such evidence might well have been decisive of the trial's outcome. There should have been a hearing in order to determine the extent of the trial counsel's awareness of these potential witnesses, in order to determine whether the trial counsel, if aware of these witnesses, had a valid tactical reason for not presenting them at trial, and in order to determine all the other issues which properly bear on the defendant's claim that he was deprived of his constitutional right to the effective assistance of counsel *(see generally,*

*People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796; *People v Montana,* 149 AD2d 738).

We have examined those issues reviewable on the defendant's direct appeal from the judgment, and those reviewable on his appeal, by permission, from the order dated May 17, 1993, and find them to be without merit. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.