■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSAN MOHAMED, Appellant. [641 NYS2d 332] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered January 10, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The failure to make a particular pretrial motion does not, by itself, establish inef-

fective assistance of trial counsel (*see, People v Wells*, 187 AD2d 745). To prevail on a claim of ineffective assistance of counsel, it is incumbent upon the defendant to demonstrate the absence of strategic or legitimate explanations for counsel's failure to request a particular hearing (*see, People v Rivera*, 71 NY2d 705, 709; *see also, People v Wells, supra*). Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing (*see, People v Rivera, supra*, at 709; *People v Wells, supra*, at 746; *see also, People v Sullivan*, 153 AD2d 223, 231).

In this case, the defendant's trial counsel acted in a competent manner and exercised professional judgment in not pursuing a certain strategy or hearing (*see, People v Rivera, supra*, at 709; *People v Wells, supra*, at 746; *People v Sullivan, supra*, at 231). The defense counsel effectively cross-examined the People's witnesses, and delivered opening and closing arguments which focused on discrepancies in the identification of the defendant and upon his theory of the case. Taken as a whole, the defendant was provided with meaningful representation (*see, People v Ortiz*, 174 AD2d 763; *People v Campbell*, 162 AD2d 606).

The defendant also contends that the People failed to prove his guilt beyond a reasonable doubt. The defendant's challenge to the legal sufficiency of the evidence was not preserved for appellate review (*see*, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Duuvon*, 77 NY2d 541). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

Further, the defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.