■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DIAZ, Appellant. [756 NYS2d 186] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered October 6, 1999, convicting defendant, after a jury trial, of murder in the first degree, attempted murder in the second degree, assault in the second degree and robbery in the first degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal since it primarily involves questions of trial strategy and matters outside the record, especially with regard to differences defendant and counsel may have had concerning the decision that defendant would not testify, and these are the types of matters that would require expansion of the record by way of a CPL 440.10 motion (*see People v Rivera*, 71 NY2d 705, 709 [1988]). To the extent the existing record permits review, it establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's error in eliciting the date of the incident from a defense witness was inconsequential since it

was made clear to the jury that the witness was referring to the incident at issue. All of the other actions by counsel that are challenged by defendant on appeal represent reasonable strategic choices, particularly in light of the great difficulty presented by the defense of this case (*see People v DeFreitas*, 213 AD2d 96 [1995], *lv denied* 86 NY2d 872 [1995]), in which the People presented overwhelming proof featuring evidence that defendant boasted about the crime on various occasions to various people, including persons not known to each other.

Defendant's challenge to certain comments made by the prosecutor during summation is unpreserved because defendant objected on a different ground from those raised on appeal and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged remarks were a reasonable inference drawn from a document in evidence, and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Mazzarelli, J.P., Buckley, Sullivan, Ellerin and Lerner, JJ.