■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY W. LASCELLE, Appellant. [807 NYS2d 750]—

Appeal from a judgment of the Wyoming County Court (Michael F. Griffith, J.), rendered September 23, 2003. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, sodomy in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), sodomy in the second degree (former § 130.45 [1]) and endangering the welfare of a child (§ 260.10 [1]). The sole contention of defendant on appeal is that he was denied effective assistance of counsel. We reject that contention (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Laraby*, 4 AD3d 749, 750 [2004], *lv denied* 2 NY3d 802 [2004]). We note at the outset that, in reviewing claims of ineffective assistance of counsel, care must be taken to "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (*Baldi*, 54 NY2d at 146; *see People v Satterfield*, 66 NY2d 796, 798 [1985]). Contrary to the contention of defendant, he was not denied effective assistance of counsel based on the fact that defense counsel afforded the People access to defendant's medical records. Under the circumstances of this case, we conclude that defense counsel's motion for a judicial subpoena duces tecum for production of defendant's medical records in support of a potential defense of medical impossibility was a trial tactic "that might well have been pursued by a reasonably competent attorney," despite the fact that the medical records thereby would be made available to the People (*Satterfield*, 66 NY2d at 799).

Defendant further contends that he is entitled to reversal because defense counsel was ineffective in encouraging defendant to testify despite defense counsel's alleged failure to conduct an adequate review of defendant's medical records. The record is insufficient to enable this Court to review that contention, and thus defendant must proceed by way of a motion pur-

suant to CPL article 440 with respect thereto (*see People v Michalski*, 15 AD3d 918, 919 [2005]; *People v Prince*, 5 AD3d 1098, 1098-1099 [2004], *lv denied* 2 NY3d 804 [2004]; *People v Diaz*, 303 AD2d 167 [2003], *lv denied* 100 NY2d 580 [2003]).

Finally, we reject the contention of defendant that defense counsel was ineffective in failing to seek suppression of the pornographic magazine and videos seized from defendant's bedroom. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]; *see People v Vega*, 145 AD2d 924, 925 [1988], *lv denied* 73 NY2d 984 [1989]). The record establishes that the evidence was seized pursuant to a warrant issued on probable cause, i.e., the sworn accusation of the victim. Thus, "the record demonstrates that such a challenge to the admissibility of the evidence would have proved unavailing" (*People v Lockhart*, 167 AD2d 427, 427 [1990], *lv denied* 77 NY2d 908 [1991]; *see People v Bennett*, 157 AD2d 630 [1990]; *People v Perez*, 133 AD2d 856 [1987]). Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.