OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial of burglary in the second degree (Penal Law, § 140.25), a charge arising out of his nighttime entry into a Bronx apartment. He was sentenced as a second felony offender. On this appeal, he alleges ineffective assistance of counsel based on different aspects of his attorney’s conduct both at trial and at sentencing. Chief among these was counsel’s failure to request *750 a charge of the lesser included offense of criminal trespass and his failure to contest defendant’s predicate felony conviction.
In People v Baldi (54 NY2d 137), this court held that when reviewing claimed ineffective assistance of counsel, care should be taken “to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis” (id., at p 146). And “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement [US Const, 6th Arndt; NY Const, art I, § 6] will have been met” (id., at p 147).
Under this standard, it cannot be said that defendant was denied his constitutional right to effective assistance of counsel. The attorney’s failure to request a charge of the lesser included offense of criminal trespass resulted from an “all-or-nothing” defense tactic. Defendant, having taken the stand and admitted to performing acts constituting criminal trespass, asserted that he had consumed angel dust on the subway ride to the neighborhood where these events occurred and, moreover, that he had entered the apartment in an irrational attempt to evade the police. Indeed, the two occupants of the apartment partially corroborated defendant’s testimony, stating that he kept repeating that the police were after him. In view of this evidence, counsel could have reasonably concluded that, as a matter of trial tactics, it would be best to pursue legally accepted defenses of intoxication and lack of the requisite mental state to support a conviction of entering the apartment with intent to commit a crime therein (see Penal Law, §§ 140.25,15.25; 2 NY CJI, Penal Law, § 140.25, subd 2; see, also, People v Baldi, 54 NY2d, at p 151; cf. People v Bell, 48 NY2d 933). Moreover, counsel adequately explained the essence of the lack of intent defense in his summation.
Nor can it be said that defendant was denied effective assistance because counsel failed to challenge defendant’s status as a second felony offender, notwithstanding that the prior felony had a serious impact on defendant’s sen *751 tencing (see Penal Law, § 70.06). A review of the two grounds that defendant now contends counsel should have raised to challenge the validity of the underlying offense indicates that their assertion would have been futile.
Defendant first argues that the sentencing court in the prior adjudication promised to extend him youthful offender status in exchange for his guilty plea. Such a promise would have had important repercussions in sentencing in the present conviction inasmuch as a youthful offender adjudication may not be counted as a conviction for purposes of second offender status (see CPL 720.35, subd 1). Contrary to defendant’s assertion, however, a review of the record reveals that the court had not extended to defendant an absolute promise that he would receive youthful offender status.
Defendant also contends that counsel should have contested the prior felony conviction on the ground that defendant had only been advised at the plea allocution that he was waiving the right to a trial, rather than the right to a jury trial (see Boykin v Alabama, 395 US 238, 243). On this record, however, counsel reasonably could have concluded that no prejudice resulted to his client at the plea allocution (see People v Nixon, 21 NY2d 338, 355).
Defendant’s other arguments have been examined and found to be without merit.