◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County (Starkey, J.), both rendered December 3, 1980, convicting him of robbery in the first degree, burglary in the first degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, under indictment number 1832/79, and attempted robbery in the first degree under indictment number 1593/80, upon his pleas of guilty, and imposing sentences. Judgments affirmed. On these appeals, defendant alleges ineffectiveness of counsel based upon his attorney's failure (1) to move to dismiss indictment number 1832/79 on the ground that his statutory and constitutional right to a speedy trial had been violated; and (2) to request youthful offender treatment. Ineffectiveness of counsel is not demonstrable on the record before us. (See *People v Lane,* 60 NY2d 748, 751 [Meyer, J., concurring]; cf. *People v Brown,* 45 NY2d 852.) We have examined defendant's other contentions and find them to be without merit. Therefore, we affirm the judgments of conviction. Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. CAIN, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Cunningham, J.), rendered May 26, 1982, convicting him of making a punishable false written statement (Penal Law, § 210.45), and misconduct in relation to petitions (Election Law, § 17-122, subd 7), after a jury trial, and sentencing him to a conditional discharge on each count, and a fine of $1,000 and 500 hours of community service and a fine of $500 and 200 hours of community service, respectively, the conditions as to community service to be served consecutively. Judgment modified, as a matter of discretion in the interest of justice, by reducing so much of the sentence on defendant's conviction for making a punishable false written statement as imposed 500 hours of community service as a condition of defendant's discharge on that count to a period of 200 hours of community service, and by providing that the conditions of community service imposed on both counts shall run concurrently. As so modified, judgment affirmed, and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.