(July 9, 1987)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH URSO, III, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 17, 1981, upon a verdict convicting defendant of the crime of attempted rape in the first degree.

On August 5, 1980 at 11:30 P.M. in the City of Albany, defendant allegedly assaulted a young woman and dragged her to an isolated area where he attempted to remove her clothing. Because of the woman's screams, defendant fled and no rape took place. Police officers arrived at the scene soon thereafter and obtained a description of the assailant. Subsequently, they observed defendant, who matched the description, walking near the crime scene. Defendant made incriminating statements and, ultimately, he was arrested. Defendant was indicted and charged with attempted rape in the first degree. A suppression hearing was held, after which County Court held defendant's statements to be admissible. After a trial, a jury found defendant guilty as charged, and he was

sentenced as a predicate felon to an indeterminate term of imprisonment of 7½ to 15 years. Defendant now appeals.

Initially, we reject defendant's contention that County Court erred in refusing to suppress his statements made to police officers. The officers testified at the suppression hearing that they asked defendant to accompany them to the crime scene. Soon after defendant got into the car, he told the officers that he knew why they were looking for him and that he had been arrested for this type of thing before. After arriving at the crime scene, he made a similar statement to other officers. The victim saw defendant and told the officers that he resembled her attacker. The officers then asked defendant to accompany them to the police station. Defendant agreed, and soon after he got into the car he blurted out, "I did it." Defendant was then advised that he was under arrest and was read his *Miranda* rights. He then confessed to the officers that he had followed the victim and attacked her intending to rape her, but was frightened off by her screams. At the police station, defendant stated that he did not want an attorney, but wished to speak to his parole officer. After the parole officer arrived, defendant made a similar confession to him. Defendant testified that he was never given his *Miranda* rights on the night of his arrest.

It is apparent that questions of fact existed with respect to the exact statements made by defendant to the police officers and whether and when he was advised of his *Miranda* rights. This became a matter of credibility, and County Court was free to credit the testimony of the officers *(see, People v Hopkins,* 86 AD2d 937, 938, *affd* 58 NY2d 1079). We concur with County Court's findings. Accepting the officers' testimony, the inculpatory statements made by defendant after he was given his *Miranda* rights were admissible. The evidence indicates that defendant understood his rights and made a voluntary, knowing and intelligent waiver of them. Dealing with the statements made by defendant before the warnings, it is clear that, until that time, defendant was not in custody. The test is "what a reasonable man, innocent of any crime, would have thought had he been in defendant's position" *(People v Yukl,* 25 NY2d 585, 589). Here, defendant freely accompanied the officers and the circumstances are such that a reasonable man, innocent of any crime, would not have believed himself to be in custody. Thus, the statements were not made in the context of a custodial interrogation.

Next, defendant contends that there was insufficient evidence to support the conviction. Specifically, he contends that

there was insufficient evidence that he possessed the intent to commit rape in the first degree. Such crime is defined as follows: "A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: 1. By forcible compulsion" (Penal Law § 130.35). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Here, defendant's inculpatory statements establish that he intended to rape the victim. However, even without such statements, the circumstantial evidence establishes intent to commit first degree rape. The victim testified that defendant grabbed her by the shoulders and dragged her from the sidewalk to a wooded location where he threw her to the ground on her back. Thus, defendant had already used forcible compulsion. He then got on top of her and, while placing his left hand over her mouth, used his right hand to pull up her dress and pull at her pantyhose. It was at this point that defendant fled. The victim admitted that defendant never removed any of his own clothing. In our view, a rational trier of fact (see, People v Contes, 60 NY2d 620, 621) could find from this evidence that defendant intended to engage in sexual intercourse with the victim. Thus, there is sufficient evidence to support the verdict. Further, we do not find the verdict to be against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

Defendant also claims that certain errors were made in the jury charge. Since no objection was taken at trial, these issues have not been preserved for appellate review (CPL 470.05 [2]). Further, reversal as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]) is not warranted.

Finally, we have reviewed defendant's claim that he was denied the effective assistance of counsel and find it without merit.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.