■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICCARDO GOVEA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered January 6, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the physical evidence, i.e., a loaded and operable .38 caliber revolver. At the hearing held on the defendant's motion, Police Officer Joseph Compitello testified that, on February 26, 1982, at approximately 6:00 P.M., while a passenger in an unmarked police car, he observed the defendant, from a distance of 15 to 20 feet, standing on the sidewalk in front of an apartment building. The defendant was looking upward, speaking to someone upstairs in the building and gesturing with his hands. The officer testified that he observed the brown "butt" of a gun protruding from the defendant's waistband. The officer, who was not in uniform but was wearing his shield around his neck, jumped from the car, drew his weapon and identified himself as a police officer. The defendant looked toward the officer and ran into the building. Officer Compitello pursued the defendant up the stairs. During the chase, the defendant threw debris, including a small refrigerator, down the stairs at the officer. At the top of the stairs, the defendant was unable to open the door to the roof. He turned and pointed the gun at the officer who was then only a foot or two away. Officer Compitello grabbed the defendant and the gun and, with the help of another officer who had joined in the chase, confiscated the gun and arrested the defendant.

In the face of this testimony, which amply supports the hearing court's denial of the motion, the defendant argues that the testimony was incredible because it would have been dark at 6:00 P.M. on February 26th. At the hearing, the officer testified that it was "dusk". This testimony, which is not contrary to ordinary human experience, was credited by the hearing court. We perceive no basis for substituting our judgment for that of the hearing court *(see, People v Prochilo,*

41 NY2d 759; *People v Armstead,* 98 AD2d 726; *People v Garafolo,* 44 AD2d 86).

Similarly unavailing is the defendant's claim that he received ineffective assistance of counsel. The record reveals that the defendant's counsel provided him with meaningful representation at both the suppression hearing and trial *(see, People v Lane,* 60 NY2d 748, 750; *People v Baldi,* 54 NY2d 137).* Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.