■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE POLIZZI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered May 16, 1985, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on September 6, 1984, shortly after fleeing on foot from the front yard of the Southampton home of his paramour as a police officer made a check of the license plates on a white Corvette parked on the street. The defendant was ultimately indicted for criminal possession of stolen property in the first degree based upon his possession of the Corvette, which had been reported stolen some three months earlier. Among the People's witnesses at the trial was an automobile mechanic who was an acquaintance of the defendant. The witness testified that on September 5, 1984, the defendant drove to his house in a white Corvette to ask him if he was interested in purchasing a red Mercury Cougar and that, on the following day, the defendant drove him in the white Corvette from Queens to the house in Southampton to see the red Mercury Cougar. The witness also testified that he had seen the defendant driving the white Corvette in the neighborhood on other occasions.

The owner of the white Corvette testified that when he reclaimed his vehicle on September 7, 1984, its alarm system had been removed, its right side door lock had been twisted out, the ignition system had been altered and pinstriping had been added. The owner also testified that he discovered in the left side map compartment 11 photographs depicting the defendant sitting in or on or standing near the white Corvette, which was identifiable by its license plate.

Over the defendant's objection and pursuant to a pretrial ruling made in accordance with *People v Ventimiglia* (52

NY2d 350, 361), the People adduced the testimony of a New Jersey police officer that, on July 20, 1984, some two months before defendant was arrested on the instant charge, the officer stopped the defendant while he was driving a 1982 Pontiac Trans Am which bore illegal red pulsating lights on its grille. Although the trial court prohibited the People from eliciting some facts, the New Jersey police officer was permitted to testify that the defendant was unable to produce a license, registration or insurance card, that the door locks were loose, that the Trans Am bore license plates registered to another car, that the car's actual license plates were discovered under the floor mat behind the driver's seat, and that the car had been reported stolen. The trial court immediately gave a limiting instruction, the adequacy of which is not at issue, informing the jury that it was to consider the evidence elicited from the New Jersey police officer only on the question of whether the defendant knew the Corvette was stolen. That instruction was in substance reiterated in the trial court's charge to the jury at the conclusion of the trial. The People were also permitted to adduce, through the redirect testimony of the arresting officer and over the defendant's objection, the substance of a conversation the officer had with the defendant's paramour on an occasion prior to the defendant's arrest.

We agree with the defendant that the trial court erroneously permitted the People to elicit hearsay testimony (see, Richardson, Evidence § 200 [Prince 10th ed]) through the testimony of the arresting officer. That error was, however, harmless in view of the overwhelming evidence of guilt, including the defendant's voluntary but inherently contradictory testimony before the Grand Jury which was read into evidence at the trial as part of the People's case (see, CPL 190.50 [5]; cf., CPL 60.45).

Moreover, the defendant's commission of a crime other than that which was charged in the indictment was properly admitted to prove that he knew that the white Corvette was stolen (see, People v Molineux, 168 NY 264). The defendant cannot credibly contend that the Molineux exception is inapplicable as a matter of law (see, People v Alvino, 71 NY2d 233, 242). The probative value of the challenged evidence in establishing the defendant's knowledge is apparent (see, People v Ingram, 71 NY2d 474). Nor can we say that the trial court improvidently exercised its discretion when it balanced that probative value against the potential for undue prejudice (see, People v Alvino, supra, at 242). The mere act of possession does not

unequivocally give rise to the inference of knowledge on the part of the possessor that the property is stolen *(see, People v Alvino, supra,* at 242-243) and, although there are other facts from which guilty knowledge could here be inferred *(see, People v Moses,* 63 NY2d 299, 308; *People v Yazum,* 13 NY2d 302, 304), the People were not bound to stop offering evidence after making out a prima facie case *(see, People v Alvino, supra,* at 245).

Any issue of law with respect to the defendant's contention that the prosecutor's summation was improper is not preserved for our review. In any event, the summation constituted a fair response to the defendant's summation *(see, People v Colon,* 122 AD2d 151). We have considered the defendant's remaining contentions, including the claim that his sentence was excessive, and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.