■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCELOT HENRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered October 19, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant sold a quantity of cocaine to an undercover police officer. The undercover officer returned to the scene of the crime approximately 5 to 10 minutes later and attempted to make a second purchase. The defendant was immediately arrested. Even though the court warned the District Attorney not to elicit any testimony as to any conversation that the undercover officer might have had with the defendant, during direct examination the officer stated that he had "a drug offer transaction" with the defendant on the second occasion.

It is well established that while evidence of unconnected, uncharged criminal conduct is inadmissible if offered only to establish the defendant's criminal propensities, it is admissible if offered for a relevant purpose, and is competent to prove the crime charged by means of establishing motive, intent, absence of mistake or accident, a common scheme or plan, or identity *(see, People v Vails,* 43 NY2d 364, 366; *People v Molineux,* 168 NY 264). Such evidence is also admissible to complete the narrative of the crime charged, provided its probative value outweighs any possible prejudice *(see, People v Gines,* 36 NY2d 932; *People v Tabora,* 139 AD2d 540, 541; *People v Seaberry,* 138 AD2d 422). Here, the evidence of the subsequent uncharged attempted drug sale was admissible to further establish the identity of the defendant and to complete the narrative of events leading to the defendant's arrest.

The defendant's remaining contention that the prosecutor allegedly made improper and prejudicial remarks in summation is unpreserved for appellate review and we decline to consider it in the exercise of our interest of justice jurisdiction (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.