■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR TORRES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered October 18, 1988, convicting him of criminal possession of a weapon in the second degree (two counts), assault in the second degree (two counts), criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the perpetrator of the crimes beyond a reasonable doubt because of the suspect credibility of the identification witnesses. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination is to be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The People presented two witnesses who were familiar with the defendant and who positively identified him as the perpetrator. Moreover, the defendant's own testimony placed him at the scene of the crime on the night in question.

The defendant's argument that the court erred in failing to give an identification charge is not preserved for appellate review *(see,* CPL 470.15 [2]). In any event, the court's charge adequately informed the jury of its duty to evaluate the credibility of witnesses, of the presumption of innocence, and the prosecution's unshifting burden of proving beyond a reasonable doubt that this defendant committed the crimes charged. Thus, any error which may have resulted from the absence of an identification charge was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Bishop,* 144 AD2d 476).

We have examined the defendant's remaining contention

and find it to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.