■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDRED LEITZSEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 1, 1989, convicting him of attempted robbery in the first degree, resisting arrest, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that the trial court improvidently exercised its discretion by permitting the complainant to testify that the defendant threatened him in an attempt to induce him to drop the charges and that the defendant stated that he had previously "[done something] to the people where they dropped the charges". This evidence was probative of the defendant's consciousness of guilt (see, People v Whaley, 144 AD2d 510; People v Griffin, 126 AD2d 743). While the defendant argues that the trial court should have issued a limiting instruction to the jury that it should only consider the evidence on the issue of the defendant's

consciousness of guilt, his failure to request such an instruction renders his argument unpreserved for appellate review *(see, People v Bowen,* 50 NY2d 915, 917; *People v Hentley,* 155 AD2d 392, 394; *People v Singleton,* 121 AD2d 752, 752-753).

Although the trial court erred in permitting the complainant to testify as to his conversation with the defendant's attorney *(see,* Richardson, Evidence § 200 [Prince 10th ed]), in view of the isolated nature of this hearsay evidence, as well as the overwhelming evidence of the defendant's guilt, the error was harmless *(see, People v Polizzi,* 150 AD2d 616, 617).

In light of the defendant's criminal history, the seriousness of the crime, the defendant's attempt to hide his culpability, and the Probation Department's determination that there was little likelihood for rehabilitation, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.