■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MARTINEZ, Appellant. [608 NYS2d 261] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered November 9, 1990, convicting him of attempted sale of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that he was denied the effective assistance of counsel because his trial attorney failed to move to preclude the admission of the identification testimony of the undercover police officer, on the ground that the People had failed to give the defense notice of the identification pursuant to CPL 710.30. We disagree. The defense was not entitled to notice of the undercover officer's drive-by identification, because it was not an identification procedure within the meaning of the statute, but was merely to confirm that the correct person had been apprehended *(see, People v Gissendanner,* 48 NY2d 543; *People v Jackson,* 167 AD2d 420; *People v Duffy,* 152 AD2d 704). Since any application for preclusion on this ground would have been unsuccess-

ful, the defense counsel was not remiss in failing to so move *(see, People v Belgrave,* 143 AD2d 103; *People v Boero,* 117 AD2d 814).

Additionally, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15.[5]).

Finally, the defendant argues that under the specific facts of this case, since the court did not find him guilty of the actual sale of the controlled substance, there was no view of the evidence to support the verdict that he was guilty of attempted sale of a controlled substance. Again, we disagree. The court's verdict was apparently motivated by leniency. A "compromise" verdict is not to be condoned, but is not a ground for reversal, provided that the verdict is not repugnant as a matter of law *(see, People v Tucker,* 55 NY2d 1, 6-7; *People v Montgomery,* 116 AD2d 669, 670; *People v Farrell,* 190 AD2d 746, 747). The verdict here is not repugnant, and the evidence could support a guilty verdict on a charge of attempted sale of a controlled substance *(see, People v Sessions,* 181 AD2d 842, 843). Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.