◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN FOSTER, Appellant. [629 NYS2d 275] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered January 21, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed on the law, and a new trial is ordered.

We agree with the defendant that his conviction must be reversed under the rule enunciated in *People v Antommarchi* (80 NY2d 247) (*see, People v Morris*, 217 AD2d 561 [decided herewith]).

The court properly denied the branch of the defendant's omnibus motion which was for a *Wade* hearing.

" 'In cases in which the defendant's identity is not in issue, *or those in which the protagonists are known to one another,*

"suggestiveness" is not a concern and, hence, [CPL 710.30] does not come into play * * *

" 'When a crime has been committed by *a family member, former friend or long time acquaintance* of a witness there is little or no risk that comments by the police, however suggestive, will lead the witness to identify the wrong person' " (*People v Rodriguez*, 79 NY2d 445, 449-450). Since the People's response to the defendant's omnibus motion indicates that the eyewitnesses knew the defendants for many years prior to the shooting, the identification was merely confirmatory, and a *Wade* hearing was not required. Additionally, a pre-*Wade* hearing to determine the extent of the witnesses' prior familiarity with the defendant was not required because the defendant did not controvert the People's assertion that the eyewitnesses had known the defendant for many years (*see, People v Rodriguez, supra; People v Ballard*, 198 AD2d 289; *People v Ambroise*, 142 AD2d 647, 648; *People v Huggins*, 199 AD2d 1025).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.