■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATRELL MORRIS, Appellant. [629 NYS2d 274] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 9, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant and co-defendant Donovan Foster were tried in November 1992 for murder in the second degree. During the voir dire, the People attempted to exercise a peremptory challenge against a prospective juror. The court called the attorneys to the bench and requested a racially neutral explanation for the challenge. The prosecutor was unable to provide a satisfactory explanation, and the court allowed him to call the prospective juror to the bench to conduct further voir dire. The court asked both defense counsel if they wanted their clients at the bench for the voir dire, and they both responded, "No". The voir dire was then conducted, during which the prospective juror was questioned about her ability to remain impartial, her ability to be fair, and whether she believed that her son, who had been convicted of an unrelated crime, was treated fairly. The defendant contends that his conviction must be re-

versed under the rule enunciated in *People v Antommarchi* (80 NY2d 247). We agree.

The trial court violated the *Antommarchi* rule by asking the prospective juror questions that were directly related to her ability to be impartial. The court asked her "[D]o you feel that you can be absolutely fair, without thinking in terms of what happened to your son?" The court also asked her whether her son was treated fairly, whether she thought that her son was coerced into confessing, and whether she believed that the lawyers in her son's case were fair. After these questions, the People renewed their peremptory challenge, which was denied. While the court ultimately ruled against the People, the court ran afoul of the *Antommarchi* rule because the defendant was not given the "opportunity to assess the juror's 'facial expressions, demeanor and other subliminal responses' " (*People v Antommarchi, supra,* at 250) in order to determine whether he should exercise a peremptory challenge against the juror in question. Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.