■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALACHI LEGETTE, Appellant. [683 NYS2d 568] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 10, 1996, convicting him of attempted murder in the second degree under Indictment No. 9639/95, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the same court, both rendered July 10, 1996, revoking sentences of probation previously imposed by the same court, upon a finding that he had violated conditions thereof, upon his admission, and imposing sentences of imprisonment upon his previous convictions of two counts of criminal possession of a controlled substance in the fifth degree, one count each under Indictment No. 7138/92 and Indictment No. 11208/92. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the amended judgments are affirmed.

Contrary to the defendant's contention, the court properly denied his request for a *Rodriguez* hearing (*People v Rodriguez,* 79 NY2d 445) as the People established the victim's familiarity with the defendant. The uncontroverted evidence demonstrated that the victim and the defendant were acquaintances, that they lived about eight houses away from each other for two to three years, saw and greeted each other on almost a daily basis, and played basketball together with other neighbors five to seven days a week. Significantly, the victim identified the defendant by his nickname immediately after the shooting. The argument between them that occurred several hours before the shooting only enhances the People's position that the victim knew the defendant and that his identification was merely confirmatory (*see, People v Rodriguez, supra*; *People v Foster,* 217 AD2d 558; *People v Breland,* 198 AD2d 291; *People v Ballard,* 198 AD2d 289). As identification was not an issue, the denial of the defendant's request for a *Wade* hearing was also proper.

The defendant's remaining contentions are without merit (*see, People v Gonzalez,* 68 NY2d 424; *People v Davila,* 156 AD2d 580; *see also, People v Torres,* 166 AD2d 733). Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.