McCooe, J.
(dissenting). The substance of the charge is that on November 25, 1998 at approximately 10:00 p.m., the defendant stabbed the complainant in a dispute over a water leak. The Bronx Lebanon Hospital records state that the complainant arrived at 11:13 p.m. on the same night; she required eight stitches for a three-inch stab wound from a knife and that the incident was reported to the police. Giving proper effect to the unassailable hospital records and apparently crediting the testimony of the prosecution witnesses, the experienced trial judge convicted defendant, after a full and fair trial, of harassment in the second degree, while acquitting defendant of other charges.
Defendant’s central appellate argument, adopted by the ma *19 jority, is that the verdict was against the weight of the evidence. The appropriate standard for weight of the evidence review is set forth in People v Bleakley (69 NY2d 490, 495 [1987]).
“If based on all the credible evidence a different finding would not have been unreasonable, then the appellate court must, like the trier of fact below, ‘weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ . . . If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict.”
The Bleakley weight of the evidence review standard does not provide an open invitation for an appellate court to substitute its judgment for that of the factfinder, for the decision goes on to caution that “[g]reat deference [be] accorded to the fact-finder’s opportunity to view the witnesses, hear the testimony and observe demeanor.” (Id. at 495; see also, People v De Tore, 34 NY2d 199, 206 [1974].)
Thus, viewing the evidence in this case in a neutral light, and giving appropriate deference to the factfinder’s superior ability to assess credibility and weigh competing inferences, I conclude that the verdict was not against the weight of the evidence. The complainant and her son both testified that they saw the kitchen knife in the defendant’s hand and it is undisputed that the complainant was in the hospital approximately 1 hour and 13 minutes after the occurrence. The majority’s argument is that there was “no persuasive showing” that the defendant inflicted the wound. The testimony of the complainant and her son together with the short time interval between the incident and the hospital visit supports the trial court’s findings that defendant stabbed the complainant.
The fact that the defendant was not convicted on all the charges does not establish that the court did not accept the complainant’s version of the incident. “The court’s verdict was apparently motivated by leniency. A ‘compromise’ verdict is not to be condoned, but is not a ground for reversal, provided that the verdict is not repugnant as a matter of law. The verdict here is not repugnant . . .” (People v Martinez, 201 AD2d 671, 672 [1994], lv denied 83 NY2d 874 [1994] [citations omitted]; see also People v Rayam, 94 NY2d 557 [2000]).
The judgment of conviction should be affirmed.
*20 Davis and Gangel-Jacob, JJ., concur; McCooe, J.E, dissents in a separate memorandum.