■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD BAILEY, Appellant. [799 NYS2d 572]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 13, 2004, convicting him of unauthorized use of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after the police stopped the sports utility vehicle (hereinafter SUV) he was driving and obtained information that the license plates on the SUV were stolen. He was subsequently charged, inter alia, with criminal possession of stolen property in the third and fourth degrees and unauthorized use of a motor vehicle in the second degree. After trial, he was acquitted of the criminal possession charges, but convicted of unauthorized use of a motor vehicle in the second degree.

Contrary to the defendant's contention, the trial court properly admitted evidence of the facts underlying his 1995 conviction for grand larceny to show his knowledge that the SUV was stolen and his intent (*see People v Molineux*, 168 NY 264 [1901]). Since knowledge and intent could not be easily inferred from mere possession of the SUV, and the facts of the prior crime were similar to the instant case, the evidence was more probative than prejudicial and was properly admitted with appropriate limiting instructions (*see People v Alvino*, 71 NY2d 233 [1987]; *Matter of Brandon*, 55 NY2d 206 [1982]; *People v Polizzi*, 150 AD2d 616 [1989]).

The trial court also properly admitted evidence that the SUV had stolen license plates. This evidence was necessary to complete the narrative of events leading to the defendant's arrest (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Henry*, 166 AD2d 720 [1990]; *compare People v Resek*, 3 NY3d 385 [2004]). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.