■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON SANTIAGO, Appellant. [831 NYS2d 401]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered April 4, 2005, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's

determinations concerning credibility. The victim's testimony that defendant demanded money while gesturing with his hand in his waistband, where a silver, shiny object was partially concealed, provided ample proof that defendant displayed what appeared to be a firearm (see People v Baskerville, 60 NY2d 374 [1983]).

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it turns on a matter outside the record regarding counsel's strategy in choosing not to request submission of third-degree attempted robbery (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Reasonable strategic concerns would support counsel's decision not to request submission of the lesser included offense (see People v Lane, 60 NY2d 748 [1983]). In any event, were we to find that counsel should have made such a request, we would find that her failure to do so did not cause defendant any prejudice. Concur—Mazzarelli, J.P., Marlow, Buckley, Sweeny and Kavanagh, JJ.