THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BARRERA, Appellant. [894 NYS2d 471]—

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. The defendant has not demonstrated that his trial attorney's representation "fell below an objective standard of reasonableness" (*Strickland v Washington*, 466 US 668, 688 [1984]), or that his attorney failed to provide him with "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Since the defendant was known to the complainant, suggestiveness was not a concern (*see* CPL 710.30; *People v Foster*, 217 AD2d 558, 558-559 [1995]). Accordingly, any application for preclusion of an identification procedure which was merely confirmatory would have been denied, and defense counsel's failure to obtain a pretrial hearing did not deprive the defendant of effective assistance of counsel (*see People v Martinez*, 201 AD2d 671 [1994]; *People v Belgrave*, 143 AD2d 103 [1988]). Counsel effectively asserted the theory of the defense to the jury (*People v Dean*, 50 AD3d 1052 [2008]; *cf. People v Bell*, 48 NY2d 933 [1979]), and spoke on the defendant's behalf during opening and closing statements, and at sentencing (*see People v Lane*, 60 NY2d 748, 751-752 [1983]).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of attempted rape in the first degree (*see People v Pereau*, 64 NY2d 1055 [1985]; *People v Tores*, 30 AD3d 549 [2006]; *People v Urbina*, 248 AD2d 123 [1998]; *People v Beamon*, 215 AD2d 571 [1995]; *People v Urso*, 132 AD2d 769 [1987]) and of sexual abuse in the first degree (*see People v Bonilla*, 290 AD2d 454 [2002]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's effort to induce the complainant not to cooperate with the prosecution was properly admitted as proof of consciousness of guilt (*see People v Bennett*, 79 NY2d 464, 469-470 [1992]; *People v De Vivo*, 282 AD2d 770, 772 [2001]; *People v Rosio*, 220 AD2d 851, 852-853 [1995]; *People v Leitzsey*, 173 AD2d 488, 488-489 [1991]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.