■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SING MAN, Appellant. [935 NYS2d 25]—

Defendant did not preserve his challenge to the sufficiency of the evidence of the serious physical injury element of leaving the scene of an incident (Vehicle and Traffic Law § 600 [2] [c]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. There is no basis for disturbing the jury's credibility determinations, including its evaluation of the victim's testimony about the continuing effects of her injuries. The evidence established, among other things, that the teenaged victim was still unable to engage in normal physical activity a year and a half after the accident. This supported a finding of a "protracted impairment of health" (Penal Law § 10.00 [10]).

Defendant's ineffective assistance of counsel claim is not reviewable on direct appeal because it involves matters outside the record regarding counsel's strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Smith-Merced, 50 AD3d 259 [2008], lv denied 10 NY3d 939 [2008]; People v Santiago, 38 AD3d 303 [2007], lv denied 9 NY3d 881 [2007]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Reasonable strategic concerns would support counsel's decision to forgo certain jury instructions (see People v Lane, 60 NY2d 748, 750 [1983]; People v Leffler, 13 AD3d 164, 165 [2004], lv denied 4 NY3d 800 [2005]).

The court properly exercised its discretion in limiting defendant's cross-examination of the victim. The court permitted defendant to inquire as to whether any of the victim's absences from school after the accident resulted from factors other than her injuries, but precluded inquiry into preinjury absences. The victim's school attendance record before the accident had little or no relevance to whether she sustained a serious physical injury as a result of being struck by defendant's car, and that line of inquiry would have invited speculation by the jury.

Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ.