People v LaRoche (2018 NY Slip Op 03998)





People v LaRoche


2018 NY Slip Op 03998


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-10759
 (Ind. No. 1340/14)

[*1]The People of the State of New York, respondent,
v
James LaRoche, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani and Louis Mazzola of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered September 14, 2015, convicting him of sexual abuse in the first degree and forcible touching, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the convictions were not supported by legally sufficient evidence (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree and forcible touching beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the evidence before the grand jury was legally insufficient to indict him for sexual abuse in the first degree and forcible touching is not reviewable on this appeal, because the defendant's guilt was proven beyond a reasonable doubt at trial (see CPL 210.30[6]; People v Flowers, 95 AD3d 1233; People v Oliver, 87 AD3d 1035; People v Bajana, 82 AD3d 1111; People v Parker, 74 AD3d 1365). The defendant's further contention that the integrity of the grand jury proceeding was impaired because the prosecutor failed to instruct the grand jury on the defense of lack of knowledge of the victim's incapacity to consent, pursuant to Penal Law § 130.10(1), is without merit. Viewing the record before the grand jury in the light most favorable to the defendant (see People v Samuels, 12 AD3d 695, 698), the evidence failed to support a charge on the defense of lack of knowledge of the victim's incapacity to consent, pursuant to Penal Law § 130.10(1).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. The defendant has not demonstrated that because defense counsel failed to move for a Wade hearing (see United States v Wade, 388 US 218), he failed to provide "meaningful [*2]representation" (People v Baldi, 54 NY2d 137, 147). Since witnesses to the crime testified at trial that they restrained the defendant until the police arrived and then identified him to the police, suggestiveness was not an issue (see CPL 710.30; People v Foster, 217 AD2d 558). Accordingly, any application for preclusion of an identification procedure which was merely confirmatory would have been denied, and defense counsel's failure to obtain a pretrial hearing did not deprive the defendant of the effective assistance of counsel (see People v Barrera, 69 AD3d 951; People v Martinez, 201 AD2d 671; People v Belgrave, 143 AD2d 103). Counsel effectively cross-examined the witnesses for the prosecution, effectively directed the defendant's testimony, and effectively delivered a closing statement (see People v Lane, 60 NY2d 748; People v Barrera, 69 AD3d 951).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are either without merit or constitute harmless error (see People v Whitlock, 95 AD3d 909).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court