People v Cataldo (2020 NY Slip Op 51219(U))

[*1]

People v Cataldo (Travis)

2020 NY Slip Op 51219(U) [69 Misc 3d 132(A)]

Decided on October 8, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-882 W CR

The People of the State of New York,
Respondent, 
against
Travis Cataldo, Appellant. 

John P. Savoca, for appellant.
Westchester County District Attorney (Jordan K. Hummel and William C. Milaccio of counsel),
for respondent.

Appeal from a judgment of the Justice Court of the Town of Mount Pleasant, Westchester
County (Robert J. Ponzini, J), rendered January 31, 2019. The judgment convicted defendant,
after a nonjury trial, of forcible touching and harassment in the second degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a superseding information with forcible touching (Penal Law
§ 130.52 [1]), unlawful imprisonment in the second degree (Penal Law § 135.05), and
harassment in the second degree (Penal Law § 240.26 [1]). At a nonjury trial, the
complainant testified that, while on a date with defendant, defendant stopped his vehicle on a
dark road and tried to kiss her, held her wrists tightly above her head, and touched her left breast.
The complainant further testified that she objected to defendant's behavior, kicking him and
screaming, and was eventually able to flee defendant's vehicle and run to a nearby house where
the homeowner called 911. The complainant was taken to a police station, where she provided a
statement and photographs were taken of visible injuries to her cheek, lip, and wrists. The
photographs were [*2]admitted into evidence. In addition to the
complainant, the People's witnesses included the homeowner who called 911 and the responding
police officer. Defendant disputed the complainant's version of the vehicle encounter and
testified that the complainant grabbed the steering wheel and slapped him repeatedly when he
refused her request to drive to New York City to go dancing. Defendant admitted that he grabbed
the complainant's wrists, but denied holding them above her head or touching her breast.
Following the trial, defendant was found guilty of forcible touching and harassment in the second
degree.
On appeal, defendant argues that the charges of forcible touching and harassment in the
second degree were duplicitous and that his trial counsel's failure to raise this issue amounted to
the ineffective assistance of counsel. Defendant further contends that the verdict was against the
weight of the evidence.
Defendant's duplicity claim is unpreserved for appellate review (see CPL 470.05
[2]; People v Allen, 24 NY3d
441, 449-450 [2014], quoting People v Becoats, 17 NY3d 643, 651 [2011] ["To allow an
unpreserved claim of duplicitousness to be raised on appeal would open the door to abuse"]). In
any event, defendant's claim lacks merit.
CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only."
The Court of Appeals explained in People v Keindl (68 NY2d 410, 417-418 [1986]), that
"acts which separately and individually make out distinct crimes must be charged in separate and
distinct counts, and where one count alleges the commission of a particular offense occurring
repeatedly during a designated period of time, that count encompasses more than one offense and
is duplicitous" (citations omitted). Here, the People charged defendant with multiple and distinct
crimes, arising from one single event, not from multiple events over time. Therefore, defendant
was properly charged with one count of forcible touching and one count of harassment in the
second degree, two separate and distinct crimes, which, contrary to defendant's contention, do not
have "very similar" elements.
For the reasons set forth above, we find defendant's ineffective assistance of counsel claim to
be equally without merit. Defendant has not demonstrated that because trial counsel failed to
move to dismiss the forcible touching or harassment in the second degree counts as duplicitous,
he failed to provide "meaningful representation" (People v Baldi, 54 NY2d 137, 147
[1981]), as such motion would have been completely baseless. Moreover, the record
demonstrates that trial counsel effectively cross-examined the People's witnesses, directed
defendant's testimony, and delivered opening and closing statements (see People v Lane,
60 NY2d 748 [1983]; People v
Barrera, 69 AD3d 951 [2010]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People [*3]v Wu, 63 Misc 3d 159[A], 2019 NY Slip Op 50867[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Upon weighing "the relative probative
force of conflicting testimony and the relative strength of conflicting inferences that may be
drawn from the testimony" (People v Bleakley, 69 NY2d at 495 [internal quotation marks
and citation omitted]), we find that, based on the weight of the credible evidence, the Justice
Court properly credited the victim's account of the incident and rejected defendant's exculpatory
testimony (see People v Danielson, 9 NY3d at 348; People v Engle, 49 Misc 3d 131[A], 2015 NY Slip Op 51432[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2015]). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2020