People v Powell (2021 NY Slip Op 07308)





People v Powell


2021 NY Slip Op 07308


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2015-07641
 (Ind. No. 1604/15)

[*1]The People of the State of New York, respondent,
v
Jason Powell, appellant.


Joseph Z. Amsel, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered July 7, 2015, as amended July 14, 2025, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's failure to base his speedy trial motions on the specific contentions that he now raises on appeal renders those contentions unpreserved for appellate review (see CPL 470.05[2]; People v Rosa, 171 AD3d 1099, 1100; People v Owens, 138 AD3d 1035). In any event, the defendant's contention that the total time chargeable to the People was more than six months because the original indictment was jurisdictionally defective is without merit. The error contained in the special informations supporting the original indictment—naming someone other than the defendant in one section—did not render the original indictment jurisdictionally defective (see People v Gibson, 21 AD3d 577, 578; People v Williamson, 301 AD2d 860, 862; People v DiCarluccio, 168 AD2d 509, 510).
The Supreme Court did not rule on the defendant's application for a Dunaway hearing (Dunaway v New York, 442 US 200). By acquiescing in the lack of a ruling, the defendant abandoned that application, thereby rendering his present Dunaway claim unpreserved for appellate review (see CPL 470.05[2]; People v Collier, 146 AD3d 1146, 1147; People v Bigelow, 68 AD3d 1127, 1128). In any event, the defendant's contention that he was entitled to a Dunaway hearing is without merit. The defendant failed to set forth factual allegations that supported his claim that the police lacked probable cause to arrest him (see People v Mendoza, 82 NY2d 415, 432; People v Cameron, 74 AD3d 1223, 1224; People v Wright, 54 AD3d 695, 696).
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court