People v Petit (2024 NY Slip Op 04576)

People v Petit

2024 NY Slip Op 04576

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2019-09023
 (Ind. No. 3/16)

[*1]The People of the State of New York, respondent, 
v
Chilo Petit, appellant.

Joseph Z. Amsel, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered September 13, 2017, convicting him of rape in the second degree (11 counts), kidnapping in the second degree, and promoting prostitution in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Michael Aloise, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant was convicted of 11 counts of rape in the second degree, kidnapping in the second degree, and promoting prostitution in the third degree after the complainant testified that, when she was 14 years old, the defendant, with knowledge that she was a runaway, prostituted her, engaged in sexual intercourse with her, and secreted her in his room for more than one week.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of promoting prostitution in the third degree beyond a reasonable doubt. Further, notwithstanding this Court's determination in People v Legrand (194 AD3d 1073) that the evidence was legally insufficient to support the conviction of kidnapping in the second degree with respect to the defendant's codefendant, here, the evidence was legally sufficient to support the conviction of kidnapping in the second degree. "A person is guilty of kidnapping in the second degree when he [or she] abducts another person" (Penal Law § 135.20). "'Abduct' means to restrain a person with intent to prevent his [or her] liberation by . . . (a) secreting or holding him [or her] in a place where he [or she] is not likely to be found" (id. § 135.00[2]). "'Restrain' means to restrict a person's movements intentionally and unlawfully in such [a] manner as to interfere substantially with his [or her] liberty by moving him [or her] from one place to another, or by confining him [or her] either in the place where the restriction commences or in a place to which he [or she] has been moved, without consent and with knowledge that the restriction is unlawful" (id. § 135.00[1]). "A person is so moved or confined 'without consent' when such is accomplished by . . . any means whatever, including acquiescence of the victim, if he [or she] is a child less than sixteen years old . . . and the parent, guardian or other person or institution having lawful control or custody of him [or her] has not acquiesced in the movement or confinement" (id. § 135.00[1][b]).
Viewing the evidence in the light most favorable to the prosecution, the evidence established that the defendant had "knowledge that the restriction [of the complainant's movements was] unlawful" (id. § 135.00[1]), as the record establishes that the defendant intentionally restricted the complainant's movements by confining her to the room in question and that the defendant was aware she was less than 16 years old and was a runaway (see id.; People v Vail, 174 AD3d 1365, 1367). The People further established that the defendant possessed the requisite intent to prevent the complainant's liberation by secreting her in his room, a place she was not likely to be found (see Penal Law § 135.00[2]; People v Denson, 26 NY3d 179, 189). Accordingly, the evidence was legally sufficient to support the conviction of kidnapping in the second degree.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of promoting prostitution in the third degree and kidnapping in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, any inconsistencies in the complainant's testimony were not of such magnitude as to render the testimony incredible or unreliable (see People v Duwe, 164 AD3d 1256).
The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress identification testimony without conducting a hearing pursuant to People v Rodriguez (79 NY2d 445) is unpreserved for appellate review, given his failure to renew his request for such a hearing despite the court's directive in its order denying that branch of the motion that the defendant must, in effect, renew his request for such a hearing "[i]f it is the defense position that the parties are not known to one another" (see CPL 470.05[2]; People v Rodriguez, 50 NY2d 553, 558; People v Powell, 200 AD3d 1011). In any event, the factual allegations in the People's opposition to the defendant's omnibus motion that the complainant and the defendant had known each other for approximately eight months, during which time they "resided together for weeks at a time in both a boyfriend/girlfriend and a pimp/prostitute relationship" and had engaged in sexual intercourse "in excess of twenty times," which the defendant did not dispute, were sufficient to establish that the identification by the complainant was merely confirmatory (see People v Legette, 256 AD2d 593, 594; People v Foster, 217 AD2d 558, 559).
The defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 146-147). There is no merit to the defendant's contention that the testimony of the complainant's parents regarding their conversations with the defendant should not have been admitted at trial (see People v Chico, 90 NY2d 585, 589; People v Case, 113 AD3d 872, 873; People v Green, 92 AD3d 953, 956). Counsel therefore cannot be deemed ineffective for failing to object to this testimony (see People v Caban, 5 NY3d 143, 152). Moreover, the defendant failed to demonstrate a lack of a strategic reason or other legitimate explanation for trial counsel's failure to request that the jury be charged on unlawful imprisonment in the second degree as a lesser included offense of kidnapping in the second degree (see People v Musheyev, 162 AD3d 794, 795; People v Casseus, 120 AD3d 828, 830).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court